IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT JACKSON,　　　　　　　　　　*
　　　　Plaintiff

　　　　　　　　　　　　　　　　　　*　　CIVIL ACTION NO. WDQ-14-303
V.
　　　　　　　　　　　　　　　　　　*

BOBBY SHEARIN, et al.,
　　　　Defendants　　　　　　　　　*
　　　　　　　　　　　　　　　　******

MEMORANDUM

Pending is a Motion to Dismiss, or in the alternative Motions for Summary Judgment filed on behalf of Correctional Defendants, former Warden Bobby Shearin and Chief of Security William Bohrer.[1]  ECF No. 9.  The Plaintiff has responded. ECF No. 14.  Upon review of papers and exhibits filed, the Court finds an oral hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2014).  For the reasons stated below, the dispositive motion filed by the Defendants will be granted.

Background

On January 30, 2014, the Plaintiff, an inmate presently incarcerated at the Western Correctional Institution ("WCI"), filed a self-represented complaint stating that beginning in May of 2010, while he was housed at North Branch Correctional Institution ("NBCI"), his inmate telephone account was fraudulently used. He states that when he contacted Securus, the private phone contractor, he was advised that it was the Division of Corrections' ("DOC") responsibility to investigate any fraud concerning his account. The Plaintiff states that DOC personnel advised him that it was an outside company's responsibility to address any problems

---

[1] Securus Technology, Inc., has not been served with the Complaint. For the reasons that follow, the Plaintiff's Complaint against Securus Technology, Inc., shall be dismissed without prejudice.

with the phone system. The Plaintiff states that the issue was never resolved and the fraudulent use of his account continued through April of 2012. ECF No. 1. The Plaintiff indicates that Defendant Bohrer, as the manager of the Intel Unit, failed to investigate the fraudulent use of his inmate account and insure that his funds were reimbursed. *Id.* The Plaintiff includes Warden Shearin only in the caption of his Complaint and provides no information as to what role, if any, Shearin played in the incident. *See id.*

The Defendants assert that, during the relevant period, the inmate telephone system's maintenance and operation was the responsibility of an outside company, Securus Correctional Billing Services ("Securus"). ECF No. 9, Ex. 2. Securus provided inmates with a personal identification number ("PIN") for use of the phone. *Id.*, Ex. 1. To use the phone, inmates would enter their PIN and make phone calls that were billed to their prepaid account. Inmates were responsible for safeguarding their PIN, and those who incurred unauthorized charges could contact Securus to have the matter investigated. Securus could change the inmate's PIN and were authorized to provide other remedies. *Id.*, Ex. 2. Inmates were able to have their accounts blocked during the investigation.[2] *Id.*, Ex. 1. If an inmate declined to block his account during the investigation, the inmate agreed to be responsible for any charges made to the account during the investigation. *Id.* If after investigation Securus determined that the calls were not authorized, Securus could adjust the inmate's account, including removing the unauthorized charges. *Id.*

The Plaintiff indicates that he filed an "Inquiry Form" with Securus regarding the fraudulent use of his account. ECF No. 14, p. 1. The Plaintiff asserts that his inquiry was

---

[2] The Plaintiff states that an inmate could not block his account but rather could block the numbers that were being fraudulently called. ECF No. 14. It appears that Securus offers inmates both options during its investigations. ECF No. 9, Ex. 4, p. 5.

forwarded to the DOC-Intel Unit.  *Id.*, Ex. 1 & 2.  The Plaintiff also filed an administrative remedy request ("ARP") concerning the fraudulent charges and exhausted his administrative remedies as to this issue.  ECF No. 9, Exs. 2-5.  Throughout the ARP process, the Plaintiff was advised that NBCI and the DOC had no responsibility to remedy the allegedly fraudulent use of his phone account, and was advised that the proper remedy for grieving the fraudulent charges was with Securus.  *Id.*, Ex. 4.

Bohrer avers that he was Investigative Captain at NBCI and kept a log of all investigations referred to him.  He has reviewed his logs and determined that from 2010-2013 he did not receive a request for an investigation of any complaints by the Plaintiff, including any complaints that his phone account was being used fraudulently.  *Id.*, Ex. 1.  Bohrer further avers that has never been assigned to the "Intel Unit" at NBCI. *Id.*

Standard of Review

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion, "[b]y its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

The court should view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness credibility.  *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002).

The court must, however, also abide by the affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial. *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) the Supreme Court explained that in considering a motion for summary judgment, the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id*. at 248. Thus, the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented. *Id*. at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Therefore, on those issues on which the nonmoving party has the burden of proof, it is his responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial. The party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of [his] pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial. *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)).

4

A. Respondeat Superior

The Plaintiff's complaint against Warden Shearin and Chief Bohrer are based solely upon the doctrine of *respondeat superior,* which does not apply in § 1983 claims. *See Love-Lane v. Martin*, 355 F. 3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983); *see also Trulock v. Freeh*, 275 F. 3d 391, 402 (4th Cir. 2001) (no respondeat superior liability in a *Bivens* suit).   Liability of supervisory officials must be "premised on a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." *Baynard v. Malone*, 268 F. 3d 228, 235 (4th Cir. 2001), *citing Slakan v. Porter*, 737 F. 2d 368, 372 (4th Cir. 1984).   Supervisory liability under § 1983 must be supported with evidence that (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff, (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices, and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.[3]  *See Shaw v. Stroud*, 13 F. 3d 791, 799 (4th Cir. 1994).

B.  Securus Technology Inc.

In order to successfully assert a claim for a constitutional right violation, the Defendant must be a state actor.  Specifically, the persons charged with the civil rights violation must be a state official; someone who has acted with a state official; someone who has obtained significant

---

[3] Even if the Plaintiff's claim could be construed as stating more than a claim of supervisory liability as to Bohrer, Bohrer would nonetheless be entitled to summary judgment as he avers that he received no complaint from the Plaintiff.  The Plaintiff's complaints were investigated by other DOC personnel and, as noted below, sufficient due process was afforded the Plaintiff.

aid from a state official; or someone whose conduct is somehow attributable to the state. *See DeBauche v. Trani*, 191 F. 3d 499, 506 (4th Cir. 1999). Securus is not a state official, nor does the conduct described by the Plaintiff have the imprimatur of official conduct.

In limited circumstances, however, seemingly private conduct can be the subject of a § 1983 suit. This Circuit recognizes "four exclusive circumstances under which a private party can be deemed to be a state actor: (1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen. *DeBauche*, 191 F. 3d at 507. If the conduct does not fall into one of these four categories, then the private conduct is not an action of the state. *Andrews v. Federal Home Loan Bank of Atlanta*, 998 F.2d 214, 217 (4th Cir.1993). None of the acts or conduct alleged by the Plaintiff in his complaint fall within these four categories of conduct. The civil rights claims the Plaintiff asserts against Securus, therefore, must be dismissed.

C.     Loss of Property

Even if Securus were deemed a state actor, Plaintiff's claims would be subject to dismissal. In the case of lost or stolen property, sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), overruled on other grounds by *Daniels v. Williams*, 474 U. S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post deprivation remedy. *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982). Records reflect that the Plaintiff's proper remedy for the fraudulent use of his phone account was pursuing his claim with

6

the independent contractor and suing the contractor in Maryland courts if he was dissatisfied with their processing of his request. *See id.* Even if the Plaintiff's phone account was improperly processed as alleged, such a claim does not rise to a constitutional violation. *See id.*

For the reasons stated, the motion for summary judgment is granted in favor of the Defendants Shearin and Bohrer and the Complaint will be dismissed as to Defendant Securus. A separate Order shall be entered in accordance with this Memorandum.

Date: 1/26/15

William D. Quarles, Jr.
United States District Judge

7